G. David Rubin, SBN 181293
Ruzan Stepanyan, SBN 299108
LITCHFIELD CAVO LLP
251 South Lake Avenue, Suite 750
Pasadena, CA  91101
Tel.:  626-683-1100
Fax:   626-683-1113
Email:       rubin@litchfieldcavo.com
             stepanyan@litchfieldcavo.com

Attorneys for Defendant
INSIGHT INVESTIGATIONS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED S. ADAN, as an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>INSIGHT INVESTIGATIONS, INC., a California corporation; and DOES 1-10 inclusive,<br><br>　　　　　Defendants. | Case No. **'16CV2807 GPC WVG**<br><br>(San Diego County Superior Court Case No. 37-2016-00035771-CU-OE-CTL)<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441, AND 1446 (FEDERAL QUESTION JURISDICTION)**<br><br>Complaint filed on October 12, 2016<br>Trial Date:  TBD |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

　　PLEASE TAKE NOTICE that based on the following allegations, Defendant INSIGHT INVESTIGATIONS, INC., a California corporation ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California, for the County of San Diego, to the United States District Court, for the Southern District of California, on the grounds of federal question jurisdiction pursuant to 28 U.S.C.

Sections 1331, 1441 (a), and 1446.  The following statement is submitted pursuant to 28 U.S.C. Section 1446(a):

## BACKGROUND

1. On October 12, 2016 Plaintiff AHMED S. ADAN ("Plaintiff") filed his unverified Complaint for Damages in the Superior Court of the State of California, for the County of San Diego, entitled "*AHMED S. ADAN, as an individual vs. INSIGHT INVESTIGATIONS, INC., a California corporation; and DOES 1-10 inclusive*" (the "Complaint,") designated San Diego County Superior Court Case No. 37-2016-00035771-CU-OE-CTL (the "State Court Action.")

2. The Complaint alleges causes of action against Defendant for (1) Violation of 15 U.S.C. section 1681e(b); (2) Violation of 15 U.S.C. section 1681k(a)(2), and (3) Violation of 15 U.S.C. section 1681g(a).

3. The Complaint alleges that Plaintiff was refused employment with Road Runner Sports ("RRS") as a result of an erroneous background check conducted by Defendant, which is alleged to have erroneously disclosed the criminal history of another individual with the same first and last name and date of birth as Plaintiff. The Complaint accuses Defendant of failing to utilize additional matching criteria in addition to the name and date of birth, and further alleges that Defendant failed to disclose to Plaintiff his complete file upon request. Defendant does not concede that Plaintiff's allegations are true or properly stated and are recounted for the purposes of reference only. Defendant reserves all available rights and defenses.

4. The Summons and Complaint were delivered to Defendant on October 17, 2016.

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely under 28 U.S.C § 1446 (b)(1) because it is being filed within thirty (30) days of the service of the Summons and Complaint to

Defendant.[1]

## PROCEEDINGS IN STATE COURT

6. No proceedings have been held in the State Court; however, there is a Case Management Conference scheduled for March 17, 2017. Attached hereto collectively as Exhibit "A" are true and correct copies all documents filed in the State Court: (1) Summons and Complaint; (2) Civil Case Cover Sheet; (3) Notice of Case Assignment , (4) Notice of Eligibility to eFile and Assignment to Imaging Department, and (5) Alternative Dispute Resolution Information Package.

## FEDERAL QUESTION JURISDICTION - FAIR CREDIT REPORTING ACT
## (15 U.S.C. § 1681 *et seq.*)

7. 28 U.S.C. § 1441(a) provides that any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed to Federal Court. The propriety of removal depends on whether the case originally could have been filed in federal court. *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 163 (1997) (citing to *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)). The district courts have original jurisdiction under the federal question statute over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1331. The express language of the Fair Credit Reporting Act (the "FCRA"), codified as 15 U.S.C. Section 1681, *et seq.* grants United States district courts original jurisdiction over claims arising under FCRA by providing that "an action to enforce any liability created under the Fair Credit Reporting Act may be brought in any appropriate United States district court, without regard to the amount in controversy." 15

---

[1] Under 28 U.S.C. § 1446(b), the removing defendant must file this Notice "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]"  The Supreme Court has interpreted this language so that the 30-day removal period starts only when the plaintiff actually completes valid service of process on the defendant under state law, not when the defendant first receives or obtains a copy of plaintiff's papers. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999).

U.S. C. § 1681p.  Alleged violation of FCRA form the basis of Plaintiff's Complaint and each of the causes of action contained therein. Thus, Plaintiff's claims fall within the original jurisdiction of this Court.

### NO OTHER PARTIES NEED TO JOIN THIS REMOVAL

9. Defendant, as the sole named defendant in this action, has signed this Notice of Removal. There are no other parties to this action; thus, none need to join this removal.

### VENUE

10. This Court is the United States District Court for the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. Section 1441(a).

### NON-WAIVER OF DEFENSES.

11. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter including, without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

### NOTICE OF REMOVAL

12. Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of this Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California in the State Court Action.

13. This Notice of Removal will be served on all of Plaintiff's counsel identified on the Summons and Complaint.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

///
///
///
///
///

WHEREFORE, Defendant removes the above-captioned action now pending in the Superior Court of the State of California, for the County of San Diego, to this Court, by timely filing this Notice of Removal.

DATED: November 15, 2016                    LITCHFIELD CAVO LLP

By: /s/ *G. David Rubin*
    G. David Rubin
    Ruzan Stepanyan
    Attorneys for Defendant
    INSIGHT INVESTIGATIONS, INC.