1   Devin Fok (SBN #256599)
    devin@devinfoklaw.com
2   **DHF Law, APC**
3   234 E. Colorado Blvd., 8th Floor
    Pasadena, CA 91101
4   Ph: (310) 430-9933
5   Fax: (818) 484-2023
6   Attorneys for Plaintiff and the proposed class.
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/12/2016** at 03:07:38 PM
Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

37-2016-00035771-CU
-OE-CTL

8            **SAN DIEGO COUNTY SUPERIOR COURT**
                    **HALL OF JUSTICE**
9

10  AHMED S. ADAN, as an individual,          CASE NO.: 37-2016-00035771-CU-OE-CTL
11          Plaintiff(s),
12      vs.                                   **COMPLAINT FOR DAMAGES**
13  INSIGHT INVESTIGATIONS, INC., a           **JURY TRIAL DEMANDED**
14  California corporation; and DOES 1-10
15  inclusive,
            Defendants.
16
17
18
19
20

21
22      Plaintiff AHMED S. ADAN (hereafter "Plaintiff") complains against
23  Defendants INSIGHT INVESTIGATIONS, INC., a California corporation;
24  and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and
    alleges as follows:
25  //
26  //
27  //
28

                                PAGA COMPLAINT FOR DAMAGES

## NATURE OF THE ACTION

1.      Plaintiff was the victim of an erroneous employment background check report wherein Defendant falsely attributed the criminal history information of someone else to Plaintiff.

2.      In the industry, this is called a "mixed file" case.

3.      The error was the result of Defendant's procedure which did not require a full name match before disclosing criminal history information.

4.      Specifically, Plaintiff's middle name did not match the middle name of the criminal defendant whose criminal history information was disclosed on Plaintiff's report.

5.      Defendant utilized a first name, last name, and date of birth match without requiring additional matching criteria before disclosing criminal history information. This procedure is known within the industry to frequently produce false positives.

6.      Accordingly, Defendant's procedure was not reasonably calculated to ensure the maximum possible accuracy of the information.

7.      Moreover, Defendant knew or should have known the discrepancy in the middle name at the time of the initial report but nevertheless disregarded it resulting in an erroneous report.

8.      Plaintiff was ultimately never hired for the position for which he applied.

## THE PARTIES

9.      Plaintiff is, and is and at all times relevant herein was, a resident of the County of San Diego in the State of California.

-2-

COMPLAINT FOR DAMAGES

1    10.    Defendant INSIGHT INVESTIGATIONS, INC. is at all times
2    herein mentioned was, a corporation registered to do business in the State of
3    California.
4        11.    Plaintiff is ignorant of the Defendants sued herein as DOES 1-
5    10, inclusive, and therefore sues those Defendants by such capacities when
6    such information is ascertained.
7        12.    Plaintiff is informed and believes and thereon alleges that each
8    of the Doe Defendants is responsible in some manner for the occurrences
9    herein alleged and that Plaintiff's damages as herein alleged were
10   proximately caused by such occurrences.
11       13.    Plaintiff is informed and believes and thereon alleges that, at all
12   times herein mentioned, Defendants DOES 1-10, were agents of each other
13   and of the named Defendants and in doing the things alleged in this
14   complaint, were acting in the scope of such agency and with the permission
15   and consent of Defendants.

16                                  **FACTS**
17
18       14.    On or about February 20, 2015, Plaintiff was extended a written
19   offer of employment as a "Call Center Fit Expert" with his prospective
20   employer Road Runner Sports ("RRS").
21       15.    On the same day, RRS requested an employment background
22   check report from Defendant.
23       16.    Plaintiff's name, date of birth, as well as social security number
24   was provided to Defendant by RRS.
25       17.    The background check report contained two components: a
26   social security trace and a criminal history report.
27       18.    The social security trace was conducted to ensure that Plaintiff
28   was eligible to work in the United States.

                                     -3-

                                          COMPLAINT FOR DAMAGES

1  19.    Through the social security trace, Plaintiff's full name was
2  revealed including his middle initials "A" and "S."

3  20.    The social security trace accurately disclosed that Plaintiff was
4  eligible to work in the United States.

5  21.    However, in connection with the criminal history report,
6  Defendant disclosed the criminal history of an individual who did not share
7  the same middle name as Plaintiff (this individual is hereafter referred to as
8  "criminal defendant").

9  22.    The criminal defendant's middle name is stated as "Nue" or
   "Nur."

10 23.    Without regard of the mismatch, Defendant disclosed the
11 criminal defendant's criminal history on Plaintiff's employment background
12 check report. The report was sold to RRS.

13 24.    Plaintiff was then informed by RRS that he could not be hired
14 due to the criminal history information.

15 25.    Plaintiff immediately disputed the information with Defendant.

16 26.    Rather than conducting a thorough investigation and issuing a
17 new clean report, Defendant erroneously informed Plaintiff that the report
18 was the result of identity theft.

19 27.    Although there is no evidence that the criminal defendant stole
20 Plaintiff's identity, Defendant instructed Plaintiff to undergo the long and
21 arduous process of obtaining a "Certificate of Identity Theft: Judicial Finding
22 of Factual Innocence" from the San Diego Superior Court.

23 28.    While Plaintiff was ultimately successful, he was never rehired
24 by RRS.

25 29.    On March 4, 2016, Plaintiff's counsel forwarded to Defendant,
26 by certified mail, a request for Plaintiff's full file under 15 U.S.C. §1681g(a).

27 30.    No response was made to this request.

28

-4-

COMPLAINT FOR DAMAGES

31.   When Plaintiff directly requested the information from Defendant, Defendant provided only the updated clean report to Plaintiff. The full file maintained on Plaintiff including the original erroneous report was never provided to him.

32.   On April 7, 2016, Plaintiff's counsel made another written request for Plaintiff's full file.

33.   On or about April 11, 2016 Defendant finally responded.

34.   Although Defendant admitted to selling a report containing the criminal information of a different individual, Defendant failed to include the original erroneous report as it was sold to RRS.

35.   When Plaintiff's counsel separately requested the original report from RRS, RRS failed to disclose the original report received from Defendant.

36.   Based on the foregoing, Plaintiff believes, and thereon alleges that Defendant knowingly, and intentionally failed to provide the full file as mandated under 15 U.S.C. §1681g(a) to Plaintiff.

37.   Plaintiff believes, and thereon alleges that Defendant did so with an intent to create obstacles for Plaintiff to seek redress of his rights.

## FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. §1681e(b) against Defendant and Does 1-10)

38.   Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

39.   Defendant willfully and/or recklessly violated 15 U.S.C. §1681e(b) by failing to utilize reasonable procedures to ensure the maximum possible accuracy of the information.

-5-

COMPLAINT FOR DAMAGES

40.     Specifically, the error alleged above could have been easily prevented if Defendant had matched Plaintiff's middle name to the middle name of the criminal defendant.

41.     A first name, last name, and date of birth match is well-known within the industry to routinely generate false positives – erroneous attributing the criminal history of someone else to the applicant's report.

42.     This problem could have been easily avoided by a more robust method using a third matching criteria including a driver's license number, a social security number, or simply a phone call to the subject of the report.

43.     Here, it appears that Defendant did not even require an exact name match before selling background check reports since the middle name of Plaintiff and the criminal defendant did not match.

44.     The discrepancy of the middle name of the two individuals should have alerted Defendant to a potential issue. Accordingly, Defendant failed to utilize reasonable procedures to ensure the maximum possible accuracy of the information reported as required under 15 U.S.C. §1681e(b).

45.     Plaintiff alleges that Defendant's actions were willful and/or reckless as Defendant knew or should have known, that utilizing a procedure that did not even require an exact name match (including the middle name) would create serious inaccuracies in its reports.

46.     Alternatively, Plaintiff alleges that Defendant's actions were negligent as Defendant did not utilize reasonable procedures to ensure that the reported information was accurate.

## SECOND CAUSE OF ACTION

**(Violation of 15 U.S.C. §1681k(a)(2) against Defendant and Does 1-10)**

47.     Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

-6-

COMPLAINT FOR DAMAGES

48.     Defendant willfully and/or recklessly violated 15 U.S.C. §1681k(a)(2) by failing to utilize strict procedures to ensure that the reported public records information for employment purposes was complete and up to date.

49.     Specifically, Defendant failed to disclose the full name of the criminal defendant in Plaintiff's report including the criminal defendant's middle name which would have alerted RRS that Plaintiff was in fact not convicted of any of the crimes disclosed in his report.

50.     Moreover, at all times relevant herein, Defendant did not and does not provide contemporaneous notice that public record information is reported to the user of the background check report together with the name and address of the person to whom such information is being reported.

51.     Defendant's violations were willful and/or reckless because Defendant was aware of its obligations under the statute but nonetheless consciously elected to disregard its obligations.

52.     Alternatively, Plaintiff alleges that Defendant's conduction was negligent entitling Plaintiff to actual damages including attorney's fees.

### THIRD CAUSE OF ACTION
### (Violation of 15 U.S.C. §1681g(a) against Defendant and Does 1-10)

53.     Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

54.     Defendant willfully and/or recklessly violated 15 U.S.C. §1681g(a) by disclosing to Plaintiff his full file despite multiple requests for Defendant to do so.

55.     Defendant has failed and continues to fail to disclose to Plaintiff a true and correct copy of the original erroneous report sold on Plaintiff to RRS.

-7-

COMPLAINT FOR DAMAGES

56.   Defendant's willful and/or reckless violation of the statute entitles Plaintiff to actual damages, attorney's fees as well as statutory penalties.

57.   Alternatively, Plaintiff alleges that Defendant's conduct was negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violated the statutes as specified above;

b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

c. For interest upon such damages as permitted by law;

d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of suit;

f. For injunctive relief as applicable; and

g. For such other orders of the Court and further relief as the Court deems just and proper.

//
//
//
//
//
//
//

-8-

COMPLAINT FOR DAMAGES

1  | **DEMAND FOR JURY TRIAL**
2
3  | Plaintiff hereby request and demand a jury trial on all issues triable by
4  | jury.
5
6  | DATED: August 29, 2016     DEVIN H. FOK ESQ.
7  |                           **DHF LAW, P.C.**
8
9  |                    By: _____
10 |                            Devin H. Fok
11 |                            Attorney for Plaintiff
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-9-

COMPLAINT FOR DAMAGES

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Insight Investigations, Inc. a California Corporation; and Does 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Ahmed S. Adan, as an individual,

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**10/12/2016** at 03:07:38 PM

Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso)* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego County Superior Court Hall of Justice; 330 W. Broadway, San Diego, CA 92101 | 37-2016-00036771-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Devin H. Fok, Esq., DHF Law, P.C., 234 E. Colorado Blvd., 8th Floor, Pasadena, CA 91101, 310-430-9933

| DATE: 10/13/2016 | Clerk, by | P. Gonzaga | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Insight Investigations, Inc., a California corporation

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 10-17-16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
Page 15

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

PLAINTIFF(S) / PETITIONER(S):      Ahmed S Adan

DEFENDANT(S) / RESPONDENT(S):   Insight Investigations Inc

ADAN VS INSIGHT INVESTIGATIONS INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2016-00035771-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:   Joel R. Wohlfeil                           Department: C-73

**COMPLAINT/PETITION FILED:** 10/12/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/17/2017 | 01:30 pm | C-73 | Joel R. Wohlfeil |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See Local Rule 5.1.8

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

SDSC CIV-721 (Rev. 08-12)                                          Page: 1



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | *FOR COURT USE ONLY* |

| |
|---|
| PLAINTIFF(S): Ahmed S Adan |
| DEFENDANT(S): Insight Investigations Inc |
| SHORT TITLE: ADAN VS INSIGHT INVESTIGATIONS INC [IMAGED] |

| | |
|---|---|
| **STIPULATION TO USE ALTERNATIVE**<br>**DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2016-00035771-CU-OE-CTL |

Judge: Joel R. Wohlfeil                                   Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                  ☐  Non-binding private arbitration

☐  Mediation (private)                                   ☐  Binding private arbitration

☐  Voluntary settlement conference (private)     ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                         ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                                   Date: _____

_____                                   _____
Name of Plaintiff                                                        Name of Defendant

_____                                   _____
Signature                                                                  Signature

_____                                   _____
Name of Plaintiff's Attorney                                        Name of Defendant's Attorney

_____                                   _____
Signature                                                                  Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 10/13/2016                                   _____
                                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

Exhibit A
Page 18

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Devin H. Fok (SBN#256599)<br>DHF Law, P.C.<br>234 E. Colorado Blvd., 8th Floor<br>Pasadena, CA 91101<br>TELEPHONE NO.: 310-430-9933    FAX NO.: 818-484-2023<br>ATTORNEY FOR *(Name):* John Doe | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**10/12/2016** at 03:07:38 PM<br><br>Clerk of the Superior Court<br>By Patrick Gonzaga, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego |
|---|
| STREET ADDRESS: 330 W. Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Diego, CA 92101 |
| BRANCH NAME: Hall of Justice |

| CASE NAME:<br>Adan v. Insight Investigations, Inc. |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 37-2016-00036771-CU-OE-CTL |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joel R. Wohlfeil<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary    b.☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/16/2015

Devin H. Fok
_____                          ▶ _____
(TYPE OR PRINT NAME)                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2016-00035771-CU-OE-CTL    CASE TITLE: Adan vs Insight Investigations Inc [IMAGED]

NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), and
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

Mediation: A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

Settlement Conference: A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

Arbitration: A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.