# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED S. ADAN, an individual,<br><br>　　　　　　　Plaintiff,<br>v.<br>INSIGHT INVESTIGATION, INC. A California corporation; and DOES 1-10, inclusive,<br>　　　　　　　Defendant. | CASE NO. 16cv2807-GPC(WVG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>[Dkt. No. 15.] |

Before the Court is Plaintiff's motion for leave to file an amended complaint. (Dkt. No. 15.) An opposition and reply were filed. (Dkt. Nos. 17, 19.) After a review of the briefs, the Court GRANTS Plaintiff's motion for leave to file an amended complaint.

**Background**

On November 15, 2016, the case was removed from state court. (Dkt. No. 1.) According to the complaint, on February 20, 2015, Plaintiff Ahmed Adan ("Plaintiff") received a written offer of employment as a "Call Center Fit Expert" with Road Runner Sports ("RRS"). (Dkt. No. 1-2, Compl. ¶ 14.) On the same day, RRS requested an employment background check report from Defendant Insight Investigations, Inc. ("Defendant"). (Id. ¶ 15.) Part of the background check involved a criminal history report. (Id. ¶ 17.) The criminal history report for Plaintiff disclosed a criminal history of an individual who did not share the same middle name as Plaintiff. (Id. ¶ 21.)

Despite the discrepancy in the middle initials, Defendant disclosed the criminal history report of the other named person on Plaintiff's employment background check report which was sold to RRS. (Id. ¶ 23.) Plaintiff was informed he could not be hired because of the criminal history information. (Id. ¶ 24.) Plaintiff immediately disputed the information with Defendant but Defendant failed to comply with certain provisions of the Fair Credit Reporting Act ("FCRA"). He alleges that Defendant failed to utilize reasonable procedures to ensure the maximum possible accuracy of information on Plaintiff's background check report required by 15 U.S.C. § 1681e(b), failed to use strict procedures to ensure that the reported public records information for employment purposes was complete and up to date as mandated by 15 U.S.C. § 1681k(a)(2), and failed to disclose to Plaintiff a true copy of the original report upon request as required by 15 U.S.C. § 1681g(a). (Id.)

On February 22, 2017, a scheduling order was filed by the Magistrate Judge setting a deadline of March 24, 2017 as the date to file any motion to amend the pleadings. (Dkt. No. 12.) On March 24, 2017, Plaintiff filed a motion for leave to file an amended complaint. (Dkt. No. 15.) Plaintiff seeks to add a cause of action that Defendant failed to provide Plaintiff a written notice of reinvestigation required under 15 U.S.C. § 1681i(a)(6). Defendant opposes the motion arguing there was undue delay in bringing the motion and the motion is being brought in bad faith.

**A.  Federal Rule of Civil Procedure 15**

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v.

<u>Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987).

Because Rule15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. <u>Genentech, Inc. v. Abbott Labs.</u>, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. <u>Foman</u>, 371 U.S. at 182; <u>United States v. Corinthian Colleges</u>, 655 F.3d 984, 995 (9th Cir. 2011). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, <u>DCD Programs</u>, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. <u>Bowles v. Reade</u>, 198 F.3d 752, 758 (9th Cir. 1999). The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. <u>William Inglis & Sons Baking Co. v. ITT Continental Baking Co.</u>, 668 F.2d 1014, 1053 (9th Cir. 1981).

Defendant argues there was undue delay in seeking the amendment as Plaintiff waited six months after the original complaint was filed, after the initial disclosures were exchanged, after the ENE was held and after the court's scheduling order was filed, to file a motion for leave to amend the complaint. According to Defendant, Plaintiff's failure to explain the delay is fatal to his motion. Next, Defendant contends that Plaintiff is bringing his motion in bad faith as Plaintiff was expressly notified and aware of Defendant's reinvestigation of the report and Plaintiff misunderstood Defendant's directions after Plaintiff disputed the information. Plaintiff replies that there has been minimal delay in seeking the amendment and there is a factual issue as to whether Plaintiff was aware of Defendant's reinvestigation of the report and whether Plaintiff misunderstood Defendant's directions.

As to undue delay, the Court looks at whether the moving party unduly delayed in filing their motion. <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1388 (9th Cir. 1990).

In making such a determination, the court looks at "whether the moving knew or should have known the facts and theories raised by the amendment in the original pleading." Id.

It is not clear when Plaintiff learned of the facts to support the proposed fourth cause of action; nonetheless, Plaintiff timely raised a motion for leave to amend complaint according to the court's scheduling order. While the proposed fourth cause of action may not have been raised until six months after the filing of the complaint, the case is still in its early stages that undue delay cannot be shown from the filing of Plaintiff's motion. See Zoe Mktg., Inc. v. Impressions, LLC, 14cv1881 AJB(WVG), 2015 WL 12216340, at *2 (S.D. Cal. Apr. 9, 2015) ("undue delay will not result from granting Defendant leave to amend given that the case remains in the early stages of discovery."). Moreover, even if Defendant could establish undue delay, "delay alone . . . cannot justify denial of leave to amend," DCD Programs, 833 F.2d at 186. Since Defendant has not demonstrated any of the other factors to oppose the motion, undue delay does not warrant denial of the motion. See Bowles, 198 F.3d at 758. The Court concludes that Plaintiff did not unduly delay in bringing the present motion.

There can be bad faith in bringing an amendment if the party seeks to prolong meritless litigation by adding baseless amendments to their complaint or if there is any evidence of wrongful motive. Jones v. Bates, 127 F.3d 839, 847 n. 8 (9th Cir. 1997); Griggs v. Pace American Group, Inc., 170 F.3d 877, 881 (9th Cir. 1999); DCD Programs. Ltd., 833 F.2d at 187. Here, Defendant's argument that Plaintiff "was expressly notified and well aware of Defendant's reinvestigation of the report" and that Plaintiff misunderstood Defendant's directions after he disputed the information, present factual disputes and do not demonstrate wrongful motive or that Plaintiff is seeking to prolong meritless litigation. Accordingly, Defendant has not demonstrated that the motion is being brought in bad faith.

In sum, Defendant has not demonstrated that leave to amend should not be granted. See Genentech, 127 F.R.D. at 530-31. Accordingly, the Court GRANTS

Plaintiff's motion for leave to file an amended complaint.

**Conclusion**

Based on the above, the Court GRANTS Plaintiff's motion for leave to file an amended complaint. Plaintiff shall file an amended complaint within five (5) days of the Court's order. The hearing date set for April 28, 2017 shall be **vacated.**

IT IS SO ORDERED.

DATED: April 18, 2017

HON. GONZALO P. CURIEL
United States District Judge