UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED S. ADAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INSIGHT INVESTIGATIONS, INC., a California Corporation; and DOES 1-10 inclusive,<br><br>Defendant. | Case No.: 16-CV-2807-GPC-WVG<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |

The parties in the above captioned matter have jointly moved the Court for a determination of a discovery dispute. Specifically, the parties' dispute surrounds the depositions of Donna Cotter and Vanessa Cotes.

## I. WITNESS DONNA COTTER

Defendant seeks a protective order to limit the questioning by Plaintiff's counsel of Donna Cotter. Defendant argues Plaintiff is seeking to depose Cotter as if she is a person most knowledgeable ("PMK") witness and, although not designated as such, Defendant anticipates Plaintiff's questioning may exceed the bounds of relevancy given that Cotter is only a percipient witness having taken only a single phone call from Plaintiff and sent one email to him. Plaintiff argues he should not be limited in deposition testimony but rather should be allowed to ask any and all questions that are within the bounds of the Federal

1

Rules of Civil Procedure ("Rules") and relevancy.

The Rules authorize the Court, upon a showing of good cause, to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of establishing good cause. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Good cause is established where it is specifically demonstrated that disclosure will cause a specific prejudice or harm. *Id*. at 1063-64 (internal quotation and citation omitted). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *Id*. Any protective order that issues must be narrowly tailored. *In re Bofl Holding, Inc. Securities Litigation*, 318 F.R.D. 129, 133 (S.D. Cal. 2016.)

Defendant has not demonstrated any specific prejudice or harm but rather has made broad allegations of potential harm. Given this, Defendant has not satisfied the Rule 26(c) test. Accordingly, Defendant's motion for a protective order is **DENIED**. Since Cotter is a percipient witness, she may be questioned as such. Of course, Cotter may be examined about whether she followed company policy and procedure in taking the call and sending the email, but she is not a PMK and efforts by Plaintiff to expand her testimony into areas rightfully in the realm of a PMK are prohibited. The Court further admonishes the parties to follow the Federal Rules of Civil Procedure regarding the relevance and time restrictions of depositions.

## II. <u>WITNESS VANESSA COATES</u>

Defendant seeks a protective order to bar the deposing of Vanesa Coates. Defendant argues Coates deposition is irrelevant and unduly burdensome. Defendant stated during the status conference that under no uncertain terms did Coats have any involvement in the auditing process during the time period relevant to the case. Further, Defendant claims that Plaintiff could have acquired the same discovery through other means of discovery such as written interrogatories or asking more specific questions of the PMK during his or her deposition (but did not). Defendant claims these other forms of discovery are far less

burdensome and would reveal the same information sought by Plaintiff.

Plaintiff seeks to depose Coates because Plaintiff believes she has knowledge of Defendant's operating procedures, specifically auditing. Plaintiff claims that although at least one other witness has testified that Coates was not an auditor for the time frame in question, Plaintiff has a right to ask Coates herself when she started that position.

The Federal Rules of Civil Procedure authorize the Court, upon a showing of good cause, to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of establishing good cause. *Rivera*, 364 F.3d at1063. In assessing the motion, "the court should balance the costs and burdens to each side." *U.S. v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 626 (S.D. Cal. 2001).

On balance, Defendant has shown there is a far less burdensome discovery method by which Plaintiff can acquire the information sought. Accordingly, the Court **GRANTS** Defendants motion for protective order barring the deposition of Coates.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) Defendants motion for a protective order regarding Donna Cotter is **DENIED**;

(2) Defendants motion for a protective order regarding Vanessa Coates is **GRANTED**;

(3) Plaintiff may propound interrogatories regarding Vanessa Coates on Defendant, allowing time for Defendant to respond prior to the fact discovery deadline;

(4) Defendant shall respond to any interrogatories regarding Vanessa Coates within two (2) business days of service; and

(3) The July 7, 2017 fact discovery deadline remains in effect.

**IT IS SO ORDERED**.

Dated: June 28, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge

16-CV-2807-GPC-WVG