UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED S. ADAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INSIGHT INVESTIGATIONS, INC., a California Corporation; and DOES 1-10 inclusive,<br><br>Defendant. | Case No.: 16-CV-2807-GPC-WVG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE [ECF NO. 34]; ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

Presently before the Court is Defendant Insight Investigations, Inc.'s Motion to Strike portions of Plaintiff Ahmed Adan's expert reports pursuant to Federal Rule of Civil Procedure ("Rule") 37. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## II. BACKGROUND

On February 22, 2017, the Court issued a Scheduling Order regulating discovery and other pre-trial proceedings. (ECF No. 12.) The Scheduling Order set July 7, 2017 as the date by which the parties were to exchange "a list of all expert witnesses expected to be called at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." (*Id*. at ¶ 2.) The Court required this list to "include the name, address, and phone number of the

expert witness and a brief statement identifying the subject areas as to which the expert is expected to testify." (*Id*.) Any supplement to expert witness designation was to be completed by July 21, 2017. (*Id*.) Expert witness reports were due to be exchanged on or before August 21, 2017, and supplemental reports were to be exchanged on or before September 5, 2017. (*Id*. at ¶¶ 3, 4.) The Scheduling Order warned that "**any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by [Rule] 37(c)**." (*Id*. at ¶ 4) (emphasis in original).

On June 27, 2017, Plaintiff timely disclosed an Initial Expert List, identifying Mr. Evan D. Hendricks and Mr. Thomas C. Lawson as expert witnesses. (Mot., Ex. A, ECF No. 34-1 at 2.) On July 18, 2017, Plaintiff amended his initial expert list, naming the same expert witnesses. (Mot., Ex. B, ECF No. 34-1 at 36.) On August 21, 2017, Plaintiff timely submitted its expert reports to Defendant. (Mot. at 2:15-17; Opp'n, ECF No. 35 at 3:1-3.)

On September 11, 2017, the parties jointly notified the Court of an issue surrounding expert reports. On September 13, 2017, the Court convened a Discovery Conference call with the parties. Finding briefing to be necessary, the Court granted Defendant leave to file the present Motion for the limited purpose of Plaintiff's alleged failure to properly disclose expert witnesses. Defendant timely filed its Motion on September 15, 2017 and Plaintiff timely filed his Opposition on September 19, 2017.[1]

### III. LEGAL STANDARD

"[A] party must disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). If the expert witness is not required to provide a written report at the time of disclosure, the disclosure must state (1) the subject matter on which the witness

---

[1] Due to an apparent technical error, the Clerk of Court advised Defendant it had to withdraw its original motion and re-file it, which occurred on September 19, 2017. The newly filed motion was not substantively modified and Plaintiff made no objections regarding this issue. (*See* ECF No. 33.)

is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which to the witness is expected to testify. *See* Fed. R. Civ. P. 26(a)(2)(C).

Rule 26(a)(2)(D) requires a party to make the above "disclosures at the times and in the sequence that the court orders." Moreover, such disclosure deadlines are "to be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). "Timely and careful compliance with the requirements of Rule 26(a) is essential, both as a matter of fairness to litigants and as a matter of orderly procedure during ... events which occur in the final phases of discovery, motion work and trial preparation." *Garcia v. Qwest Corp.*, 2008 WL 4531657, at *2 (D. Ariz. Oct. 3, 2008). "The purpose of the rule is to eliminate unfair surprise to the opposing party." *Durham v. Cty. of Maui*, 2011 WL 2532423, at *7 (D. Haw. June 23, 2011) (quotation and citation omitted).

Failure to abide by Rules 26(a) exposes a party to serious consequences. "If a party fails to provide information or identify a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "Among the factors that may properly guide a district court's discretion in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. V. Novelty, Inc.*, 375 Fed .App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)); *see also Obesity Research Inst., LLC v. Fiber Research Int'l.*, 15-CV-595, 2016 WL 1394280, at *2-3 (S.D. Cal. Apr. 8, 2016).

Despite the apparently self-executing language of Rule 37(c), courts retain discretion to impose specified alternative sanctions "[i]n addition to or instead of" the exclusion of evidence. Fed. R. Civ. P. 37(c); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("[W]e give particularly wide latitude to the district court's

discretion to issue sanctions under Rule 37(c)(1)."). These may include the payment of "reasonable expenses, including attorney's fees, caused by the failure"; informing the jury of the failure; directing that "designated facts be taken as established"; prohibiting the culpable party from "supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; "striking pleadings in whole or in part"; staying proceedings; "dismissing the action … in whole or in part"; or rendering a default judgment against the culpable party." Fed. R. Civ. P. 37(b)(2)(A) and (c).

The burden of proving that a party's failure to disclose was either substantially justified or harmless is on the party seeking to avoid sanctions. *R& R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

## IV. DISCUSSION

Defendant argues Plaintiff violated the disclosure requirement of the Scheduling Order by omitting any notice that Plaintiff's expert witnesses would opine on the issue of damages. Given the lack of notice that Plaintiff's expert witnesses would discuss damages, Defendant argues it was not able to obtain its own expert witness to rebut Plaintiff's experts, and is thus prejudiced. During the Discovery Conference, Plaintiff claimed defense counsel misrepresented the situation, suggesting damages were discussed briefly by Mr. Tom Lawson, one of Plaintiff's expert witnesses, and that the damages discussion was limited to Plaintiff losing a job offer. (*See* Tr., ECF No. 36 at 6:5-20.) However, in his Opposition to the present Motion, Plaintiff concedes "the topic of damages is not specifically identified" in his disclosure but the omission caused "no real harm." (Opp'n at 5:5-6.) Plaintiff further argues Defendant should have simply requested additional time to obtain its own expert witness and not sought "the most putative [sic] remedy available []." (*Id.* at 3:7-8.)

The Court notes at the outset that while claiming defense counsel had misrepresented the situation, it was in fact Plaintiff's counsel who misrepresented the situation. Plaintiff's counsel attempted to minimize the discussion of damages that was included in his expert reports, stating the discussion was limited to a portion of the report provided by Mr. Tom

Lawson, and was limited to Plaintiff's job offer being rescinded. Having been provided with the reports, and as discussed more thoroughly below, the reports of Mr. Tom Lawson and Mr. Evan Hendricks each contain extensive discussion of damages, contrary to the assertion made by Plaintiff's counsel.

**A. Evan D. Hendricks**

In his initial expert disclosure, Plaintiff listed the following as subjects on which Mr. Hendricks would opine:

> (1) The relevant industry standard related to the procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedures.
> (2) Best practices related to the procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedures.
> (3) Whether Defendant's procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedures comply with industry standards or best practices.
> (4) Whether Defendant's procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedures comply with the Fair Credit Reporting Act.
> (5) Whether Defendant's failure to retain a copy of the original report comply with industry standards, best practices, and/or the FCRA.

(Mot., Ex. A at 3.)

In his amended disclosure, Plaintiff listed the following as additional subjects (albeit essentially the same as previously disclosed) on which Mr. Hendricks would opine:

> (1) Whether Defendant's procurement and furnishing of consumer reports including, but not limited to, retrieval, verification, auditing, identity matching and consumer dispute procedures comply with the Fair Credit Reporting Act based on Mr. Evan's [sic] experiences and expertise as an industry

consultant.
(2) Whether Defendant's failure to retain a copy of the original report complies with the FCRA.
(3) Whether Defendant's failure to provide post reinvestigation notice complies with the FCRA.

(Mot., Ex. B at 37.)

Critically, none of the subject matter areas listed even hints at the issue of damages. Yet, the expert report produced by Mr. Hendricks contains numerous opinions regarding damages allegedly suffered by Plaintiff. As Defendant accurately points out, Mr. Hendricks devotes approximately two full pages of his eleven page report to damages. This discussion includes the foreseeability of damages, emotional distress in various forms, job loss, and damage to privacy. (*See* Mot., Ex. C at 46-48.) By failing to disclose all subjects on which Mr. Hendricks would opine, Plaintiff violated the Scheduling Order and Rule 26.

**B. Thomas C. Lawson**

In his initial expert disclosure, Plaintiff listed the following as subjects on which Mr. Lawson would opine:

> (6) The relevant industry standard related to the procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedures.
> (7) Best practices related to the procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedures.
> (8) Whether Defendant's procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedure comply with industry standards or best practices.
> (9) Whether Defendant's procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedures comply with the Fair Credit Reporting Act.
> (10) Whether Defendant's failure to retain a copy of the original

report comply with industry standards, best practices, and/or the FCRA.

(Mot., Ex. A at 4.)

In his amended disclosure, Plaintiff listed the following additional subjects (albeit essentially the same as previously disclosed) on which Mr. Lawson would opine:

> (4) The relevant industry standard related to the procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedures.
> (5) Best practices related to the procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedures.
> (6) Whether Defendant's procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedures comply with industry standards or best practices.
> (7) Whether Defendant's procurement and furnishing of consumer reports including, but not limited to, identification and matching; public records research; verification; auditing; and consumer dispute procedures comply with the Fair Credit Reporting Act based on Mr. Lawson's expertise as a CRA operator for over 30 years.
> (8) Whether Defendant's failure to retain a copy of the original report comply with industry standards and best practices.

(Mot., Ex. B at 37-38.)

Similar to the disclosure of topics for Mr. Hendricks, none of the subject matter areas listed touch the issue of damages. Yet, the expert report produced by Mr. Lawson contains substantial opinion of damages allegedly suffered by Plaintiff. As Defendant accurately points out, Mr. Lawson devotes nearly two full pages of his report to damages. Specifically, Mr. Lawson offers extensive opinion on the damage Plaintiff suffered by having a job offer rescinded. (Mot., Ex. F at 101-02.) By failing to disclose all subjects on which Mr. Lawson would opine, Plaintiff violated the Scheduling Order and Rule 26.

///

### C. Justification/Harmlessness

The burden of proving that a party's failure to disclose was either substantially justified or harmless is on the party seeking to avoid sanctions. *R& R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Plaintiff woefully failed to demonstrate that his failure to disclose was substantially justified or harmless. In conclusory fashion, Plaintiff simply states that "no real harm has been caused to Defendant." (Opp'n at 5:5-7.) Plaintiff offered nothing else in support of his position.

Defendant did not become aware that Plaintiff's expert witnesses would address damages until it received Plaintiff's expert reports on August 21, 2017. By this time it was already too late for Defendant to react. The deadline for Defendant to designate a damages expert had expired one month earlier. Plaintiff's response to this violation was both cavalier and insufficient. Plaintiff suggests Defendant simply use the expert witness Defendant already retained for other areas to also opine on damages in a rebuttal report. Plaintiff's solution ignores one point and misses another. This response ignores whether Defendant's expert was even qualified to discuss damages. This response misses the point because, as Defendant argues, Plaintiff does not dictate which expert witness Defendant utilizes as a *fait accompli* caused by Plaintiff's own violation of the Rules.

Plaintiff also argues he would have readily agreed to an extension of time for Defendant to designate a damage expert, if only Defendant had asked. This also misses the point. Counsel do not unilaterally modify the discovery and trial schedule set forth by the Court. Moreover, Defendant was not required or under any obligation to seek additional time simply because Plaintiff chose not to follow the schedule set by the Court.

Finally, Plaintiff torpedoes his own argument for the need of a damages expert at all. Plaintiff stated:

> [T]here's no need for the defendant to find any expert to say that somebody with a robbery, a burglary, a grand theft conviction can be hired. It just doesn't happen. This is not the kind of thing that they can even find an expert to talk about.

8

(Tr. At 7:10-14.) If Defendant does not need a damages expert to opine on the topics outlined by Plaintiff, then neither does Plaintiff.

Since Plaintiff violated this Court's Scheduling Order, Rule 26, and failed to demonstrate the violation was substantially justified or harmless, sanctions are appropriate pursuant to Rule 37.

**D. Sanctions**

Defendant moves for an order striking the portion of expert reports that contain opinion on damages. Plaintiff claims Defendant is simply attempting to "take a very strict reading" of the Scheduling Order in an attempt to strike portions of Plaintiff's expert witnesses. (Tr. at 7:7-10.) Plaintiff argues the most effective remedy is to extend expert discovery beyond the present cutoff date of October 12, 2017 and allow Defendant the ability to retain an expert to rebut the damages opinions of Plaintiff's experts.[2] (Opp'n at 4:7-12.) In support of this, Plaintiff claims that he has not "exhibited any willfulness or bad faith." (*Id*. at 4:13.) However, during the Discovery Conference Call, Plaintiff asserted there was "no need" for Defendant to find a rebuttal expert. (Tr. at 7:10-13.)

Plaintiff is incorrect in his contention that the extending of discovery is proper. Rather, exclusion of Plaintiff's expert reports, and subsequent testimony, on the topic of damages is proper. A district court has "particularly wide latitude…to issue sanctions" under Rule 37. *Yeti by Molly, Ltd.*, 259 F.3d at 1106 (9th Cir. 2001). Exclusion does not require bad faith unless the sanction would result in the dismissal of the case. *See R&R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012) (ruling that "in the ordinary case, violations of Rule 26 may warrant evidence preclusion" but a finding of "willfulness, fault, or bad faith" is required where the sanction amounts to the dismissal of a claim) (citing *Yeti by Molly, Ltd*., 259 F.3d at 1106 (9th Cir. 2001) (finding an identification of willfulness, fault, or bad faith is not required when the sanction is less

---

[2] Plaintiff appears to improperly cite the legal standard for modification of a court's pretrial order. (Opp'n at 3:13-4:6.) A pretrial order in the case at bar has not issued. If Plaintiff is attempting to argue the case law he cites applies to any order that issues prior to trial, Plaintiff is mistaken.

9

than dismissal)); *see also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) ("Where the drastic sanction of dismissal or default are imposed…the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith.")

Equally important is the ability of the Court to manage its calendar and the order by which discovery proceeds. The Ninth Circuit recognizes the district courts' need to manage the efficient and orderly progression of a case:

> [T]he district court needs the authority to manage the cases before it efficiently and effectively. In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2004); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'") (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Deadlines have a remarkable way of concentrating the mind and the Court expects the parties to abide by the deadlines set. If an order of the Court, and deadlines contained therein, can be ignored without consequences, the Court loses its ability to control the litigation and its calendar. Furthermore, if the remedy for discovery violations is simply to extend deadlines, as Plaintiff recommends, then there is no incentive to follow the Rules or comply with Court orders, and the wrongdoer is rewarded at the expense of the innocent.

As discussed above, Plaintiff's violations of the Scheduling Order and Rule 26 are without substantial justification or harmlessness. Failing to disclose that Plaintiff's experts would offer opinion on damages, at the very least, prevented Defendant from fully exploring this area and retaining its own experts that could offer rebuttal damages opinion.

It would be an unreasonable burden to require Defendant to now retain damages experts on the eve of discovery's closing because Plaintiff failed to follow the Court's order.

Since Plaintiff's violations of Rule 26 were done without substantial justification and were not harmless, exclusion of Plaintiff's expert opinions on damages is appropriate.

## VI. CONCLUSION

For the reasons above, Defendant's Motion to Strike is **GRANTED**. The Court strikes the following references to damages in the reports submitted by Mr. Hendricks and Mr. Lawson:

(1) The final two bullet points appearing on page 3, (ECF No. 34-1 at 43,) of Mr. Hendricks' report;

(2) The entire section titled "Damages: Understanding Consumer Reporting-Related Damages & Their Foreseeability" appearing on page 6, (ECF No. 34-1 at 46,) of Mr. Hendricks' report;

(3) All of page 7, (ECF No. 34-1 at 47,) of Mr. Hendricks' report;

(4) The entire portion of text appearing before the heading "Context" on page 8, (ECF No. 34-1 at 48,) of Mr. Hendricks' report;

(5) The second paragraph under the subsection titled "Negative effects from ignoring the law, and regular practices in the research, retrieval and reporting of public records for employment purposes in California and the U.S." appearing on page 5, (ECF No. 34-1 at 94,) of Mr. Lawson's report;

(6) All of section H entitled "Insight's inaccurate reporting damaged Adan in multiple ways" appearing on pages 12 and 13, (ECF No. 34-1 at 101-02,) of Mr. Lawson's report;

(7) The final paragraph appearing on page 16, (ECF No. 34-1 at 105,) of Mr. Lawson's report; and

(8) The first paragraph appearing on page 17, (ECF No. 34-1 at 106,) of Mr. Lawson's report.

Plaintiff shall not use this evidence in any motion, at any hearing, or at trial.

## VII. ORDER TO SHOW CAUSE

Plaintiff's counsel, Devin H. Fok, is hereby **ORDERED TO SHOW CAUSE** why sanctions should not issue for raising a frivolous dispute and making oral misrepresentations to the Court.

The Court finds the dispute is frivolous for the simple reason that Plaintiff's experts clearly offer extensive opinion on damages. All the while, Plaintiff's expert witness disclosures made no reference in any way to damages. This clear cut issue is one that Plaintiff should have conceded from the outset. Instead, Fok squabbled with defense counsel resulting in the unnecessary expenditure of both time and financial resources.

The Court finds Fok misrepresented the content of opinion regarding damages by claiming only one of his expert witnesses offered opinion on damages. Fok further claimed this discussion was limited to Plaintiff losing a job opportunity. On the contrary, both expert witnesses offered opinion on damages and the discussion was far broader than Fok stated.

On **October 4, 2017**, at **9:00 a.m.**, in Courtroom 2A of the above-entitled Court, the Court will convene a show cause hearing. Plaintiff and Plaintiff's counsel shall appear personally. Defendant may appear at the hearing.

On or before **September 27, 2017**, Plaintiff's counsel shall file a Declaration in response to this Order to Show Cause explaining why sanctions should not issue. This Declaration shall not exceed five pages, excluding exhibits.

On or before **October 2, 2017**, Defendant shall file a Reply, not to exceed five pages, excluding exhibits. Defendant's Reply shall include the fees and costs incurred in raising the present dispute.

**IT IS SO ORDERED**.

Dated: September 25, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge